UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY, as subrogee of Mark Lindstrom, <br><br> Plaintiff, <br><br> v. <br><br> ISLANDS MARINE CENTER, INC., <br><br> Defendant. | Case No. C21-1115RSM <br><br> ORDER TO SHOW CAUSE |

This matter comes before the Court *sua sponte*. On August 19, 2021, Plaintiff Markel American Insurance Company filed a Complaint stating, "[t]his Court has subject matter jurisdiction over Markel's breach of contract and negligence causes of action pursuant to 28 U.S.C. § 1333 because the claims asserted herein fall within the Court's admiralty and maritime jurisdiction." Dkt. #1 at 1. Markel requests the Court exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Markel's Washington Consumer Protection Act cause of action. *Id.*

However, it is not clear the Court has such jurisdiction given that this case is about a 36-foot recreational sailboat that fell over while being stored on dry land. According to the Complaint, Defendant Island Marine Center, Inc. ("IMC") was contracted to haul out, securely block, and store the sailboat. The sailboat was successfully hauled out and put in storage; it did

ORDER TO SHOW CAUSE - 1

not fall over until the following year. The portion of the contract at issue appears to be solely related to the inadequate manner in which the sailboat was secured up on blocks, on dry land. After the sailboat fell over a repair estimate was for $46,355.99. Plaintiff insurance company, acting as subrogee of the sailboat's owner, paid out $45,155.99 (after taking out a deductible). The Complaint brings causes of action for breach of a maritime contract, breach of bailment, negligence, and violation of the Washington State Consumer Protection Act. Plaintiff's damages are "believed to be" limited to $46,355.99. The amount in controversy is less than the threshold for diversity jurisdiction.

Federal Rule of Civil Procedure 12(h)(3) provides that the Court must dismiss an action if it determines, at any time, that it lacks subject matter jurisdiction. This issue can be raised *sua sponte*.

Considering all of the above, the Court believes it lacks subject matter jurisdiction over this case. For a federal court to exercise admiralty jurisdiction over a tort claim, the party seeking to invoke jurisdiction pursuant to 28 U.S.C. § 1333(1) must satisfy conditions both of location and of connection with maritime activity. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534, 115 S. Ct. 1043, 130 L. Ed. 2d 1024 (1995). "A court applying the location test must determine whether the tort occurred on navigable water, or whether injury suffered on land was caused by a vessel on navigable water." *Id.* Traditionally, if the tort occurred on navigable water, or the injury suffered on land was caused by a vessel on navigable water, admiralty jurisdiction followed; if not, admiralty jurisdiction did not exist. *See Guidry v. Durkin*, 834 F.2d 1465, 1469 (9th Cir. 1987). Here, because the incident occurred solely on land, a year after removal from water, the Court believes it lacks jurisdiction under admiralty law for any tort claims. "A contract is within admiralty jurisdiction if its

ORDER TO SHOW CAUSE - 2

subject matter is maritime. . . . There is no clear test for whether the subject matter of a contract is maritime." *La Reunion Francaise SA v. Barnes*, 247 F.3d 1022, 1024 (9th Cir. 2001).  A court evaluating jurisdiction must look to the subject matter of the contract and evaluate the maritime character. *Id.* at 1025.  The contract must be maritime in nature, the nonmaritime elements must be merely incidental to the primary maritime nature, or the maritime obligations must be able to be severed.  *Id.*  Contract provisions can be maritime in nature when they "relate[] to a ship in its use as such, or to commerce or to navigation on navigable waters, or to transportation by sea, or to maritime employment." *Id.* at 1026.  The Ninth Circuit also looks to the primary objective of the contract to determine its maritime nature. *Sentry Select Ins. Co. v. Royal Ins. Co. of Am.*, 481 F.3d 1208, 1218 (9th Cir. 2007).  Here, the Court believes the subject matter of the contract was primarily related to the storage of the sailboat on land and was not maritime in nature.  The contract does not relate to the sailboat in its use as a boat. In any event, the portion of the contract at issue relates specifically to the manner of storage while on dry land.  Accordingly, the Court believes it lacks jurisdiction under admiralty law for the contract claim.

      In Response to this Order, the parties must each submit a short and plain statement explaining why the Court has subject matter jurisdiction.  **Each response may not exceed six double-spaced (6) pages**.  The Court will take no further action in this case until after receiving and reviewing these responses.

      Accordingly, the Court hereby finds and ORDERS that the parties shall file a Response to this Order to Show Cause containing the detail above **no later than thirty (30) days from the date of this Order**.  Failure to file this Response will result in dismissal of this case.

//

ORDER TO SHOW CAUSE - 3

DATED this 11th day of January, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER TO SHOW CAUSE - 4