UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY, as subrogee of Mark Lindstrom,<br><br>Plaintiff,<br><br>v.<br><br>ISLANDS MARINE CENTER, INC.,<br><br>Defendant. | Case No. C21-1115RSM<br><br>ORDER OF DISMISSAL |

This matter comes before the Court *sua sponte* and on the Court's Order to Show Cause, Dkt. #17. On August 19, 2021, Plaintiff Markel American Insurance Company filed a Complaint stating, "[t]his Court has subject matter jurisdiction over Markel's breach of contract and negligence causes of action pursuant to 28 U.S.C. § 1333 because the claims asserted herein fall within the Court's admiralty and maritime jurisdiction." Dkt. #1 at 1. Markel requests the Court exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over its Washington Consumer Protection Act cause of action. *Id.* The Court reviewed the pleading and ordered the parties to show cause why this Court has subject matter jurisdiction. Dkt. #17. The Court has reviewed response from both parties. Dkts. #18 and #19.

According to the Complaint, On April 10, 2020, Defendant Island Marine Center, Inc. ("IMC") was retained to haul out, securely block, and store a sailboat. Dkt. #1. As alleged, the sailboat was successfully hauled out and put in storage; it did not fall over until January 14, 2021. The portion of the contract at issue solely related to the inadequate manner in which the sailboat was secured up on blocks, on dry land. After the sailboat fell over, repairs were

ORDER OF DISMISSAL - 1

estimated at $46,355.99. Plaintiff insurance company, acting as subrogee of the sailboat's owner, paid out $45,155.99 (after taking out a deductible). The Complaint brings causes of action for breach of a maritime contract, breach of bailment, negligence, and violation of the Washington State Consumer Protection Act. Plaintiff's damages are "believed to be" limited to $46,355.99. The amount in controversy is less than the threshold for diversity jurisdiction.

Defendant has moved to dismiss in this case and attached what appears to be the underlying agreement between the insured sailboat owner and Defendant. *See* Dkt. #10 at 27. This agreement was entered into on March 30, 2018, and indicates that storage would run from March 23, 2018 to "TBD." *Id*. Plaintiff, who filed this case in federal court and who now opposes dismissal, does not address this apparent discrepancy in the timeline. *See* Dkt. #18.

Federal Rule of Civil Procedure 12(h)(3) provides that the Court must dismiss an action if it determines, at any time, that it lacks subject matter jurisdiction. This issue can be raised *sua sponte*.

For a federal court to exercise admiralty jurisdiction over a tort claim, the party seeking to invoke jurisdiction pursuant to 28 U.S.C. § 1333(1) must satisfy conditions both of location and of connection with maritime activity. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534, 115 S. Ct. 1043, 130 L. Ed. 2d 1024 (1995). "A court applying the location test must determine whether the tort occurred on navigable water, or whether injury suffered on land was caused by a vessel on navigable water." *Id.* Traditionally, if the tort occurred on navigable water, or the injury suffered on land was caused by a vessel on navigable water, admiralty jurisdiction followed; if not, admiralty jurisdiction did not exist. *See Guidry v. Durkin*, 834 F.2d 1465, 1469 (9th Cir. 1987). Plaintiff "concedes it cannot satisfy the location test…" Dkt. #18 at 4. Here, because the incident occurred solely on land, a

ORDER OF DISMISSAL - 2

year after removal from water, the Court finds it lacks jurisdiction under admiralty law for any tort claims.

"A contract is within admiralty jurisdiction if its subject matter is maritime. . . . There is no clear test for whether the subject matter of a contract is maritime." *La Reunion Francaise SA v. Barnes*, 247 F.3d 1022, 1024 (9th Cir. 2001). A court evaluating jurisdiction must look to the subject matter of the contract and evaluate the maritime character. *Id.* at 1025. The contract must be maritime in nature, the nonmaritime elements must be merely incidental to the primary maritime nature, or the maritime obligations must be able to be severed. *Id.* Contract provisions can be maritime in nature when they "relate[] to a ship in its use as such, or to commerce or to navigation on navigable waters, or to transportation by sea, or to maritime employment." *Id.* at 1026. The Ninth Circuit also looks to the primary objective of the contract to determine its maritime nature. *Sentry Select Ins. Co. v. Royal Ins. Co. of Am.*, 481 F.3d 1208, 1218 (9th Cir. 2007). Here, the Court finds the subject matter of the contract was primarily related to the storage of the sailboat on land and was not maritime in nature. The contract does not relate to the sailboat in its use as a boat. Plaintiff cites to cases that found that *winter* storage of a boat rendered the contract maritime in nature because such aids in the seaworthiness of the vessel. *See* Dkt. #18 at 3–4. Here, the pleading alleges storage from April to January, which is more than one season, and a copy of the storage agreement subsequently filed and not addressed by Plaintiff indicates that storage occurred for several years. Plaintiff's cases are inapposite. In any event, the portion of the contract at issue relates specifically to the manner of storage while on dry land. Accordingly, the Court finds it lacks jurisdiction under admiralty law for the contract claim.

The Court finds no basis to extend supplemental jurisdiction over the remaining claims.

ORDER OF DISMISSAL - 3

Given all of the above, the Court finds that it lacks subject matter jurisdiction over this case. Accordingly, the Court hereby finds and ORDERS that the claims in this case are DISMISSED for lack of subject matter jurisdiction. This case is CLOSED.

DATED this 15th day of February, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 4